



**SELF INITIATED AMENDMENT**

THEODORE A. McKEE
CIRCUIT JUDGE

(215) 597-9601

September 4, 2008

20614 UNITED STATES COURTHOUSE
INDEPENDENCE MALL WEST
601 MARKET STREET
PHILADELPHIA, PA 19106-1790

Hon. Ortie D. Smith, Chair
Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

2008 SEP -8 A 10: 27 RECEIVED

JUDICIAL DISCLOSURE OFFICE

Second Amended FDR for 2007.

Dear Judge Ortie:

I am submitting the enclosed Second Amended Federal Disclosure Report for 2007 with this letter. The only change between this Report, the Amended Federal Disclosure Report for 2007 which was previously sent pursuant to your letter of July 21, 2007, is that I have corrected the characterization of the $2,000 received from Hofstra University for participating in the university's " Kaplan Lecture Series." As I explain in more detail in Section VIII, based largely upon my telephone conversation with Dean Demleitner of Hofstra University Law School, I believe this should have originally been reported as a stipend for teaching rather than an "honorarium." In addition, as also explained in Section VIII, this amendment is consistent with Advisory Opinion No. 86, contained in The Guide to the Code of Conduct for United States Judges published by the Administrative Office of the United States Courts under the direction of the Judicial Conference Committee on Codes of Conduct. Advisory Opinion No. 86, entitled, "Honoraria, Teaching, and Outside Earned Income Limitation," clearly states that teaching is defined to include " meaningful participation in *bona fide* components of an educational curriculum or plan, regardless of duration or format . . . (including a lecture or lecture series) of an accredited law school. . .". (Parenthetical and italics in original). Accordingly, I believe the clarification provided in the accompanying Second Amended Federal Disclosure Report for 2007 is appropriate.

As I note in Section VIII, if there are any questions or problems, please contact me so that they may be resolved.



| AO 10 Rev. 1/2008 | **FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2007** | *Report Required by the Ethics in Government Act of 1978 (5 U.S.C. app. §§ 101-111)* |

| 1. Person Reporting (last name, first, middle initial)  McKee, Theodore A | 2. Court or Organization  Third Circuit | 3. Date oi Report  9/3/2008 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)  Judge | 5a. Report Type (check appropriate type)  ☐ Nomination,    Date  ☐ Initial   ☑ Annual   ☐ Final  5b. ☑ Amended Report | 6. Reporting Period  01/01/2007 to 12/31/2007 |
| 7. Chambers or Office Address  20614 U.S. Courthouse  601 Market St.  Philadelphia, Pa. 19106 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.  Reviewing Officer_____ Date_____ | |

*IMPORTANT NOTES: The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

# I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. GENERAL PARTNER | PUJKEE ASSOCIATES (see section viii) |
| 2. DIRECTOR | FOX CHASE CANCER CENTER |
| 3. ADVISORY BOARD | CITY YEAR OF GREATER PHILADELPHIA |
| 4. TRUSTEE | TEMPLE UNIVERSITY |
| 5. TRUSTEE | SYRACUSE UNIVERSITY |
| 6. BOARD OF VISITORS | TEMPLE LUNIVERSITY LAW SCHOOL |
| 7. BOARD OF VISITORS | SYRACUSE UNIVERSITY SCHOOL OF LAW |
| 8. BOARD OF DIRECTORS | VERA INSTITUTE OF JUSTICE |

# II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |
| 2. | |
| 3. | |

RECEIVED 2008 SEP -8 A 10: 27 CHAMBER OF

| Name of Person Reporting | Date of Report |
|---|---|
| McKee, Theodore A | 9/3/2008 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. 2006 | ADMINISTRATIVE OFFICE OF PA. COURTS | $ 12,000 |
| 2. 2007 | HOFSTRA UNIVERSITY COLLEGE OF LAW - COMENSATION FOR EDUCATIONAL LECTURE - *SEE EXPLANATION SEC VIII | $ 2,000.00 |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. 2007 | UNIVERSITY OF PA. - PRESBYTERIAN MEDICAL CENTER ██████ |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS – *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | VERA INSTITUTE | JANUARY 11 | NEW YORK CITY | BOARD MEETING | TRAVEL - $115.00 |
| 2. | THIRD CIRCUIT | NOVEMBER 13-14 | PHILADELPHIA | COURT RETREAT | REIMBUSE FOR MEALS AND REGISTRATION ($200.00) |
| 3. | THIRD CIRCUIT | NOVEMBER 27 | PHILADELPHIA | JUDICIAL COUNCIL MEETING | REIMBURSE FOR MEALS ($94.00) |
| 4. | CLE CONFERENCE | FEBRUARY 15-16 | PHOENIX AZ | PANEL ON APPELLATE ADV. | REIMBURSE FOR TRAVEL AND LODGING AND MEALS $643.9 |
| 5. | SYRACUSE | MARCH | SYRACUSE NEW | SPEAK AT LAW | NOT REIMBURSED |

|  | UNIVERSITY | 22-23 | YORK | SCHOOL |  |
|---|---|---|---|---|---|
| 6. | HOFSTRA UNIVERSITY COLLEGE OF LAW | MARCH 27-28 | LONG ISLAND, NEW YORK | GIVE LECTURE | TRAVEL $219 AND $2,000 HONORARIUM |
| 7. | VERA INSTITUTE | MARCH 29 | NEW YORK | ATTEND BOARD MEETING | REIMBURSE FOR TRAVEL $30.00 PARKING & APPROX $115.00 [SEE PART VIII] |
| 8. | NEW YORK UNIVERSITY | MARCH 30-APRIL 1 | NEW YORK, NEW YORK | FELLOWSHIP SELECTION | REIMBURSE FOR TRAVEL AND LODGING ($710.00) |
| 9. | SYRACUSE UNIVERSITY | APRIL 3 - 4 | SYRACUSE NEW YORK | NOOT COURT | TRAVEL $310.00 |
| 10. | HARVARD UNIVERSITY | APRIL 3 - 4 | CAMBRIDE MASS. | PANEL PARTICIPANT | TRAVEL ($265.35) |
| 11. | ALI | APRIL 5 -8 | CHICAGO | MEETING OF ADVISORY COM. | REIMBURSE FOR TRAVEL $336.29 |
| 12. | ADMIN OFFICE US COURTS | JUNE 10 - 12 | COLORADO SPRINGS, CO | MEETING CLC | REIMBURSE FOR TRAVEL AND LODGING TO ATTEND MEETING $956.30 |
| 13. | AMERICAN CONSTITUTIONAL SOCIETY | JULY 26-27 | WASHINGTON, D.C. | ATTEND AND PARTICIPATE | REIMBURSE FOR TRAVEL & LODGING $290.00 |
| 14. | ABA | AUGUST 8-12 | SAN FRANCISCO, CA | PANELIST AT CONVENTION | LODING AND TRANSPORTATION $1,563.01 |
| 15. | SYRACUSE UNIVERSITY | SEPTEMBER 19 - 21 | SYRACUSE, NEW YORK | BD OF VISITORS MEETING | LODGING AND TRANSPORT $263.00 |
| 16. |  |  |  |  |  |

| Name of Person Reporting | Date of Report |
|---|---|
| McKee, Theodore A | 9/3/2008 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

[✓] NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

[ ] NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | COMMERCIAL BANK | CREDIT CARD | J |
| 2. | COMMERCIAL BANK | EQUITY LINE OF CREDIT | M |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| McKee, Theodore A | 9/3/2008 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. SEE SEE § VIII FOR MORE INFORMATION INFORMATION | | | | | | | | | |
| 2. CARDINAL HEALTH INC | A | Dividend | J | T | | | | | |
| 3. DR HORTON COM STOCK | A | Dividend | J | T | | | | | |
| 4. COCA COLA | A | Dividend | J | T | | | | | |
| 5. DOMINI SOCIAL INDEX FUND | A | Dividend | J | T | | | | | |
| 6. IDEARC INC | A | Dividend | J | T | | | | | |
| 7. GENERAL ELECTRIC | A | Dividend | J | T | | | | | |
| 8. INTEL | A | Dividend | J | T | | | | | |
| 9. JOHNSON & JOHNSON | A | Dividend | J | T | | | | | |
| 10. LENNAR CORP | A | Dividend | J | T | | | | | |
| 11. MERCK | A | Dividend | J | T | | | | | |
| 12. REBOK | A | Dividend | J | T | | | | | |
| 13. PAX WORLD SOCIAL FUND | A | Dividend | J | T | | | | | |
| 14. PHARMACEUTICAL PROD DEV | A | Dividend | J | T | | | | | |
| 15. SLM CORP | A | Dividend | J | T | | | | | |
| 16. SSGA TUCKERMN REIT MUTUAL FUND | A | Dividend | J | T | | | | | |
| 17. STAPLES | A | Dividend | J | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| McKee, Theodore A | 9/3/2008 |

## VII. INVESTMENTS and TRUSTS — income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18. VERIZON | A | Dividend | J | T | | | | | |
| 19. WHOLE FOODS MARKET | A | Dividend | J | T | | | | | |
| 20. BEN AND JERRY'S | A | Dividend | J | T | | | | | |
| 21. DRESHNER RCM BIOTECK FUND | A | Dividend | J | T | | | | | |
| 22. CITIZENS CORE GROWTH FUND | A | Dividend | J | T | | | | | |
| 23. CITIZENS EMERGING GROWH FUND | A | Dividend | J | T | | | | | |
| 24. CITIZENS GLOBAL EQUITY FUND | A | Dividend | J | T | | | | | |
| 25. MFS EMERGING GROWTH FUND | A | Dividend | J | T | | | | | |
| 26. CISCO | A | Dividend | J | T | | | | | |
| 27. ALCON INC SEE SECTION VII | A | Dividend | | | FULL SALE | 4/12 | J | A | |
| 28. AMN ELECTRIC POWER CO - SEE § VII | A | Dividend | | | FULL SALE | 10/31 | J | A | |
| 29. AUTODESK INC | A | Dividend | | | FULL SALE | 3/9 | J | A | |
| 30. CNA FINANCIAL ORP SEE § VIII | A | Dividend | | | FULL SALE | 6/13 | J | A | |
| 31. DOLLAR TREE STORES INC | A | Dividend | J | T | BUY | 6/13 | J | | |
| 32. DOLLAR TREE STORES | A | Dividend | | | FULL SALE | 12/19 | J | A | |
| 33. DTE ENERGEY CO | A | Dividend | | | BUY | 4/12 | J | A | |
| 34. DTE ENERGY CO | | | | | FULL SALE | 7/19 | J | A | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| McKee, Theodore A | 9/3/2008 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 35. DUKE ENERGY CORP SEE § VIII | A | Dividend | | | FULL SALE | 1/16 | J | A | |
| 36. ENERGY EAST CORP COM STOCK SEE § VIII | A | Dividend | J | T | | | | | |
| 37. EXELON CORP | A | Dividend | J | T | BUY | 1/16 | J | | |
| 38. KELLOG CORP - SEE § VIII | A | Dividend | | | FULL SALE | 12/19 | J | A | |
| 39. MKS INSTRUMENTS SEE § VIII | A | Dividend | | | FULL SALE | 9/21 | J | A | |
| 40. NORTHEAST UTILITIES - SEE § VIII | A | Dividend | J | T | | | | | |
| 41. PG & E CORP SEE § VIII | A | Dividend | | | FULL SALE | 10/31 | J | A | |
| 42. PINNACLE WEST CAP | A | Dividend | | | BUY | 3/2 | J | | |
| 43. PINNACLE WEST CAP CORP | A | Dividend | J | T | | | | | |
| 44. PNM RESOURCES INC | A | Dividend | | | BUY | 5/19 | J | | |
| 45. PNM RESOURCES INC | A | Royalty | J | T | | | | | |
| 46. QUALCOMM SEE § VIII | A | Dividend | J | T | FULL SALE | 12/19 | J | A | |
| 47. RBC BEARINGS, INC | A | Dividend | J | T | BUY | 4/12 | | | |
| 48. RBC BEARINGS, INC | | | | | FULL SALE | 9/21 | J | A | |
| 49. SOUTHERN COMPANY | A | Dividend | J | T | BUY | 4/12 | | | |
| 50. SOUTHERN COMPANY | A | Dividend | J | T | FULL SALE | 7/19 | J | A | |
| 51. SPECTRA ENERGY SEE § VIII | A | Dividend | | | FULL SALE | 1/16 | J | A | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| McKee, Theodore A | 9/3/2008 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 52. TRANSOCEAN INC | A | Dividend | J | T | BUY | 4/12 | | | |
| 53. TRANSOCEAN INC | | | | | FULL SALE | 11/17 | J | A | |
| 54. VERIFONE HOLDINGS, INC SEE § VIII | A | Dividend | | | FULL SALE | 11/27 | J | A | |
| 55. WRIGHT EXPRESS, CORP SEE § VIII | A | Dividend | | | FULL SALE | 4/12 | J | A | |
| 56. WYETH CORP * SEE SECTION VIII. | A | Dividend | | | FULL SALE | 12/19 | J | A | |
| 57. SEE § VIII FOR ADDITIONAL ITEMS FOR 2006 | | | | | | | | | |
| 58. WASHINGTON MUTUAL FUND* SEE SECTION VIII | A | Dividend | J | T | | | | | |
| 59. HEBRY SCHEIN STOCK* SEE SECTION VIII | A | Dividend | J | T | | | | | |
| 60. EURO PACIFIC FUND* see section VII | A | Dividend | J | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less F =$50,001 - $100,000 | B =$1,001 - $2,500 G =$100,001 - $1,000,000 | C =$2,501 - $5,000 H1 =$1,000,001 - $5,000,000 | D =$5,001 - $15,000 H2 =More than $5,000,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less N =$250,001 - $500,000 P3 =$25,000,001 - $50,000,000 | K =$15,001 - $50,000 O =$500,001 - $1,000,000 | L =$50,001 - $100,000 P1 =$1,000,001 - $5,000,000 P4 =More than $50,000,000 | M =$100,001 - $250,000 P2 =$5,000,001 - $25,000,000 | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal U =Book Value | R =Cost (Real Estate Only) V =Other | S =Assessment W =Estimated | T =Cash Market | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

As I have explained in prior reports, the "Pujkee Assoc" limited partnership referred to in Part I is an informal partnership consisting of ███████ It is not a "for profit" enterprise.

Additional information can be provided if necessary, upon request.

YOu will note a "See section VIII" entry for "Reimbursements" in Part IV for the entry for the March 29 Vera Boad Meeting and the $30.00 reimbursement for Parking for trip to New York. There is no expenditure or reimbursement for the travel for this trip, only the $30.00 reimbursement for parking. This is because the trip to New York City coincided with a trip to Hofstra Law School on Long Island to deliver a lecture. I divided the expense so that Vera, a non profit, reimbursed for parking only. Hofstra was willing to pay for the loding and travel expense. The two events were on consecutive days.

NOTES FOR PART VII - INVESTMENTS AND TRUSTS

1. In preparing this report, I reviewed a statement for ███████ IRA account that contained some securities and transactions that should have been reported on my 2005 and 2006 reports. . I am adding that information to this report and hereby requesting that the information be accepted as an amedment to those reports. . Unless I hear from you to the contrary, I will assume that this is acceptable. I am entering the information here using the line number from Part VII that it supplements for prior years. Thank you.

LINE 27- ALCON INC. THIS WAS PURCHASED ON NOVEMBER, 14, 2006 FOR VALUE CODE OF J USING METHOD T .

LINE 28 AMN ELECTRIC POWER CO. PURCHASED MARCH 2, 2006 FOR VALUE CODE J USING METHOD T.

LINE 29 AUTODESK INC DEL WAS PURCHASED MAY 24, 2006 FOR VALUE CODE J USING METHOD T.

LINE 30 CNA FINANCIAL CORP; WAS PURCHASED NOVEMBER 11, 2006 FOR VALUE CODE J USING METHOD T.

LINE 35 DUKE ENERGY CORP WAS PURCHASED OCTOBER 12, 2006 FOR VALUE CODE J USING METHOD T.

LINE 36 ENERGY EAST CORP WAS PURCHASED NOVEMBER 16, 2006 FOR VALUE CODE J USING METHOD T

LINE 38 KELLOGG CO PV WAS PURCHASED NOVEMBER 14, 2006 FOR VALUE CODE J USING METHOD T

LINE 39 MKS INSTRUMENTS WAS PURCHASED MAY 17, 2006 USING FOR VALUE CODE J USING METHOD T

LINE 40 NORTHEAST UTILITIES COM WAS PURCHASED JULY 3, 2006 FOR VALUE CODE J USING METHOD T

LINE 41 PG & E CORP WAS PURCHASED JULY 14, 2006 FOR VALUE CODE J USING METHOD T

LINE 46 QUALCOMM INC WAS PURCHASED APRIL 11, 2006 FOR VALUE CODE J USING METHOD T

LINE 51 SPECTRA ENERGY CORP WAS PURCHASED OCTOBER, 12, 2006 FOR VALUE CODE J USING METHOD T

LINE 54 VERIFONE HOLDINGS, INC WAS PURCHASED JUNE 9, 2006 FOR VALUE CODE J USING METHOD T

LNE 55 WRIGHT EXPRESS WAS PURCHASED NOVEMBER 9, 2005 FOR VALUE CODE J USING METHOD T.

ADDITIONAL INVESTMENTS TO AMEND PART VII 2006 REPORT:

ADVANCE AUTO PARTS WAS PURCHASED MARCH 6, 2006 AND SOLD JUNE 9, 2006- PURCHASED FOR VALUE CODE J USING METHOD T AND SOLD FOR GAIN A USING METHOD T; INCOME DURING THE PERIOD HELD WAS ONLY DIVIDENDS AND AMOUNT WAS A

ADVANCED MEDICAL OPTICS WAS PURCHASED DECEMBER 14, 2005 AND SOLD MARCH 6, 2006; PURCHAED FOR VALUE CODE J USING METHOD T AND SOLD FOR GAIN A USING METHOD T; INCOME DURING THE PERIOD HELD WAS FROM DIVIDENDS AND AMOUNT WAS A.

ALKERMES INC. WAS PURCHASED DECEMBER 14, 2005 FOR VALUE J USING METHOD T AND SOLD JUNE 9, 2006 FOR GAIN A USING METHOD T; INCOME DURING PERIOD HELD WAS FROM DIVIDENDS ONLY AND AMOUNT WAS A.

ALLIANCEBERNSTEIN HLDG WAS PURCHASED FEBRUARY 7, 2006 FOR A USING METHOD T AND SOLD AUGUST 15, 2006 FOR GAIN A USING METHOD T; THE INCOME DURING PERIOD WAS DIVIDENDS AND AMOUNT WAS A USING METHOD T.

ALLIANT ENERGY CORP WAS PURCHASED MARCH 2, 2006 FOR A AND USING METHOD T AND SOLD OCTOBER 12, 2006 FOR GAIN A USING METHOD T. INCOME WAS DIVIDENDS ONLY FOR AMOUNT A USING METHOD T.

ALLSTATE CORP DEL WAS PURCAHSED NOVEMBER 9, 2005 FOR AMOUNT A USING METHOD T AND SOLD FEBRUARY 7, 2006 FOR GAIN A USING METHOD T; THE INCOME WHILE HELD WAS CODE A FROM DIVIDENDS

APACHE CORP. WAS PURCHASED JULY 14, 2006 FOR AMOUNT A USING METHOD T AND SOLD NOVEMBER 2006 FOR GAIN A USING METHOD T ALL INCOME WAS FROM DIVIDENDS AND AMOUNT WAS A.

APPLE COMPUTER WAS PURCHASED MAY 24, 2005 FOR AMOUNT A USING METHOD T AND SOLD JANUARY 20, 2006 USING METHOD T; INCOME WAS ONLY FROM DIVIDENDS AND THE AMOUNT WAS J.

| Name of Person Reporting | Date of Report |
|---|---|
| McKee, Theodore A | 9/3/2008 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

-------------------------------------------

EXPLANATION FOR SECTION III - I ORIGINALLY REPORTED THIS INCOME ON MY INITIAL 2007 FDR AS AN "HONORARIUM." I WAS SUBSEQUENTLY INFORMED BY LETTER OF JULY 21, 2008, THAT WE ARE NOT ALLOWED TO ACCEPT HONORARIUM PURSUANT TO THE ETHICS REFORM ACT OF 1989, AND THE JUDICIAL CONFERENCE REGULATIONS IMPLEMENTING THE ACT.

ACCORDINGLY, I INFORMED DEAN DEMLEITNER OF HOFSTRA UNIVERSITY COLLEGE OF LAW THAT I WOULD BE RETURNING THE $2,000 CHECK. SHE EXPRESSED SURRPISE AND NOTED THAT THIS HAD NEVER HAPPENED BEFORE WITH ANY JUDGE PARTICIPATING IN THE "KAPLAN LECTURE SERIES." SHE ALSO INFORMED ME THAT EVEN THOUGH I HAD REFERRED TO THE $2,000 AS AN "HONORARIUM," SHE CONSIDERED IT TO BE TEACHING AS THE KAPLAN LECTURE SERIES IS OPEN TO ALL PRACTICING ATTORNEYS AND CLE CREDITS ARE GIVEN TO THOSE WHO ATTEND. I THEREFORE DECIDED TO RESEARCH THE MATTER FURTHER RATHER THAN SIMPLY ASSUMING TAT THE $2,000 WAS IN THE NATURE OF AN "HONORARIUM." BASED UPON MY FURTHER INQUIRY AND THE ADDITIONAL INFORMATION RECEIVED FROM THE DEAN, I BELIEVE THAT THE $2,000 CAN, IN GOOD FAITH, BE CLASSIFIED AS COMPENSATION FOR TEACHING. ADVISORY OPINION NO. 86 OF THE GUIDE TO THE CODE OF CONDUCT STATES THAT "THE COMMITTEE'S INTERPRETATION OF THE [APPLICABLE] STATUTE AND REGULATION IS THAT [A] LECTURE STIPEND IS COMPENSATION FOR TEACHING, AND CANNOT BE TREATED AS AN HONORARIUM." MORE SPECIFICALLY, THE ADVISORY OPINION QUOTES THE COMMENTARY AS FOLLOWS:

"The Act does not define "teaching." These regulations define it to include meaningful participation in bona fide components of an educational curriculum or plan, regardless of the duration or format of the particular program in which the judicial officer participates. The statutory authority to "teach" for compensation thus includes permission to participate in the educational program of an accredited institution in the manner in which that institution plans and carries out its teaching function. When speeches and lectures are sponsored by and presented within the overall educational program of an accredited institution, the Conference believes that they do not provide the occasion for any of the evils Congress was seeking to avert [in the ban on honoraria] and accordingly, they should qualify as "teaching." Thus, a lecture, lecture series, symposia, moot courts, and jurist-in-residence programs may be compensated as "teaching," provided, of course, the strictures of the Codes of Conduct are met."

ACCORDINGLY, I AM FILING THIS SECOND AMENDED FDR IN ORDER TO PROPERLY CHARACTERIZE THE $2,000 STIPEND AND TO CORRECT THE PRIOR ERRONEOUS CHARACTERIZATION DESCRIBING IT AS AN "HONORARIUM."

IF THERE ARE ANY FURTHER QUESTIONS, OR IF THE COMMITTEE DISAGREES WITH THIS RESTATEMENT, PLEASE SO INFORM ME.

-------------------------------------------------------------

WYETH CORP STOCK ON LINE 56, PART VII, WAS INADVERTENTLY OMITTED FROM MY 2006 FDR. TO THE BEST OF MY KNOWLEDGE, THAT STOCK WAS AQUIRED IN ████████ IRA IN JANUARY (I WILL ASSUME JANUARY 1, 2006 AS THE AQUISITION DATE FOR PURPOSES OF THIS REPORT. THE INFORMATION FOR COLUMN "D" FOR THIS ITEM IS: BUY;1/1/2006;J;

ON LINES 58 THROUGH AND INCLUDING LINE 60, I HAVE ENTERED THE APPLICABLE INFORMATION FOR INVESTMENTS THAT WERE ADDED TO MY 2007 FDR BY LETTER OF OCTOBER 11, 2007, BUT FOR WHICH, THIS INFORMATION WAS INADVERTENTLY OMITTED.

| Name of Person Reporting | Date of Report |
| --- | --- |
| McKee, Theodore A | 9/3/2008 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.



NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY F
AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

---

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

| AO 10 Rev. 1/2008 | FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2007 | Report Required by the Ethics in Government Act of 1978 (5 U.S.C. app. §§ 101-111) |

| 1. Person Reporting (last name, first, middle initial) McKee, Theodore A | 2. Court or Organization Third Circuit | 3. Date of Report 08/21/2008 |
| --- | --- | --- |
| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) Judge | 5a. Report Type (check appropriate type) ☐ Nomination, Date ☐ Initial ☑ Annual ☐ Final 5b. ☑ Amended Report | 6. Reporting Period 01/01/2007 to 12/31/2007 |
| 7. Chambers or Office Address 20614 U.S. Courthouse 601 Market St. Philadelphia, Pa. 19106 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations. Reviewing Officer_____ Date_____ | |

*IMPORTANT NOTES: The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

# I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
| --- | --- |
| 1. GENERAL PARTNER | PUJKEE ASSOCIATES (see section viii) |
| 2. DIRECTOR | FOX CHASE CANCER CENTER |
| 3. ADVISORY BOARD | CITY YEAR OF GREATER PHILADELPHIA |
| 4. TRUSTEE | TEMPLE UNIVERSITY |
| 5. TRUSTEE | SYRACUSE UNIVERSITY |
| 6. BOARD OF VISITORS | TEMPLE LUNIVERSITY LAW SCHOOL |
| 7. BOARD OF VISITORS | SYRACUSE UNIVERSITY SCHOOL OF LAW |
| 8. BOARD OF DIRECTORS | VERA INSTITUTE OF JUSTICE |

RECEIVED 2008 AUG 21 A 10: 38 FINANCIAL DISCLOSURE OFFICE

# II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
| --- | --- |
| 1. | |
| 2. | |
| 3. | |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. 2006 | ADMINISTRATIVE OFFICE OF PA. COURTS | $ 12,000 |
| 2. 2007 | HOFSTRA UNIVERSITY COLLEGE OF LAW - HONORARIUM FOR SPEECH - *SEE EXPLANATION SEC VIII | $ 2,000.00 |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. 2007 | UNIVERSITY OF PA. - PRESBYTERIAN MEDICAL CENTER (SP0USE) |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | VERA INSTITUTE | JANUARY 11 | NEW YORK CITY | BOARD MEETING | TRAVEL - $115.00 |
| 2. | THIRD CIRCUIT | NOVEMBER 13-14 | PHILADELPHIA | COURT RETREAT | REIMBUSE FOR MEALS AND REGISTRATION ($200.00) |
| 3. | THIRD CIRCUIT | NOVEMBER 27 | PHILADELPHIA | JUDICIAL COUNCIL MEETING | REIMBURSE FOR MEALS ($94.00) |
| 4. | CLE CONFERENCE | FEBRUARY 15-16 | PHOENIX AZ | PANEL ON APPELLATE ADV. | REIMBURSE FOR TRAVEL AND LODGING AND MEALS $643.9 |
| 5. | SYRACUSE | MARCH | SYRACUSE NEW | SPEAK AT LAW | NOT REIMBURSED |

| Name of Person Reporting | Date of Report |
|---|---|
| McKee, Theodore A | 08/21/2008 |

| | | | | |
|---|---|---|---|---|
| | UNIVERSITY | 22-23 | YORK | SCHOOL | |
| 6. | HOFSTRA UNIVERSITY COLLEGE OF LAW | MARCH 27-28 | LONG ISLAND, NEW YORK | GIVE LECTURE | TRAVEL $219 AND $2,000 HONORARIUM |
| 7. | VERA INSTITUTE | MARCH 29 | NEW YORK | ATTEND BOARD MEETING | REIMBURSE FOR TRAVEL $30.00 PARKING & APPROX $115.00 [SEE PART VIII] |
| 8. | NEW YORK UNIVERSITY | MARCH 30-APRIL 1 | NEW YORK, NEW YORK | FELLOWSHIP SELECTION | REIMBURSE FOR TRAVEL AND LODGING ($710.00) |
| 9. | SYRACUSE UNIVERSITY | APRIL 3 - 4 | SYRACUSE NEW YORK | NOOT COURT | TRAVEL $310.00 |
| 10. | HARVARD UNIVERSITY | APRIL 3 - 4 | CAMBRIDE MASS. | PANEL PARTICIPANT | TRAVEL ($265.35) |
| 11. | ALI | APRIL 5 -8 | CHICAGO | MEETING OF ADVISORY COM. | REIMBURSE FOR TRAVEL $336.29 |
| 12. | ADMIN OFFICE US COURTS | JUNE 10 - 12 | COLORADO SPRINGS, CO | MEETING CLC | REIMBURSE FOR TRAVEL AND LODGING TO ATTEND MEETING $956.30 |
| 13. | AMERICAN CONSTITUTIONAL SOCIETY | JULY 26-27 | WASHINGTON, D.C. | ATTEND AND PARTICIPATE | REIMBURSE FOR TRAVEL & LODGING $290.00 |
| 14. | ABA | AUGUST 8-12 | SAN FRANCISCO, CA | PANELIST AT CONVENTION | LODING AND TRANSPORTATION $1,563.01 |
| 15. | SYRACUSE UNIVERSITY | SEPTEMBER 19 - 21 | SYRACUSE, NEW YORK | BD OF VISITORS MEETING | LODGING AND TRANSPORT $263.00 |
| 16. | | | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| McKee, Theodore A | 08/21/2008 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

[✓] NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

[ ] NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. COMMERCIAL BANK | CREDIT CARD | J |
| 2. COMMERCIAL BANK | EQUITY LINE OF CREDIT | M |
| 3. | | |
| 4. | | |
| 5. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| McKee, Theodore A | 08/21/2008 |

## VII. INVESTMENTS and TRUSTS – income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. SEE SEE § VIII FOR MORE INFORMATION INFORMATION | | | | | | | | | |
| 2. CARDINAL HEALTH INC | A | Dividend | J | T | | | | | |
| 3. DR HORTON COM STOCK | A | Dividend | J | T | | | | | |
| 4. COCA COLA | A | Dividend | J | T | | | | | |
| 5. DOMINI SOCIAL INDEX FUND | A | Dividend | J | T | | | | | |
| 6. IDEARC INC | A | Dividend | J | T | | | | | |
| 7. GENERAL ELECTRIC | A | Dividend | J | T | | | | | |
| 8. INTEL | A | Dividend | J | T | | | | | |
| 9. JOHNSON & JOHNSON | A | Dividend | J | T | | | | | |
| 10. LENNAR CORP | A | Dividend | J | T | | | | | |
| 11. MERCK | A | Dividend | J | T | | | | | |
| 12. REBOK | A | Dividend | J | T | | | | | |
| 13. PAX WORLD SOCIAL FUND | A | Dividend | J | T | | | | | |
| 14. PHARMACEUTICAL PROD DEV | A | Dividend | J | T | | | | | |
| 15. SLM CORP | A | Dividend | J | T | | | | | |
| 16. SSGA TUCKERMN REIT MUTUAL FUND | A | Dividend | J | T | | | | | |
| 17. STAPLES | A | Dividend | J | T | | | | | |

| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| McKee, Theodore A | 08/21/2008 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets)<br><br>Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 35. DUKE ENERGY CORP SEE § VIII | A | Dividend | | | FULL SALE | 1/16 | J | A | |
| 36. ENERGY EAST CORP COM STOCK SEE § VIII | A | Dividend | J | T | | | | | |
| 37. EXELON CORP | A | Dividend | J | T | BUY | 1/16 | J | | |
| 38. KELLOG CORP - SEE § VIII | A | Dividend | | | FULL SALE | 12/19 | J | A | |
| 39. MKS INSTRUMENTS SEE § VIII | A | Dividend | | | FULL SALE | 9/21 | J | A | |
| 40. NORTHEAST UTILITIES - SEE § VIII | A | Dividend | J | T | | | | | |
| 41. PG & E CORP SEE § VIII | A | Dividend | | | FULL SALE | 10/31 | J | A | |
| 42. PINNACLE WEST CAP | A | Dividend | | | BUY | 3/2 | J | | |
| 43. PINNACLE WEST CAP CORP | A | Dividend | J | T | | | | | |
| 44. PNM RESOURCES INC | A | Dividend | | | BUY | 5/19 | J | | |
| 45. PNM RESOURCES INC | A | Royalty | J | T | | | | | |
| 46. QUALCOMM SEE § VIII | A | Dividend | J | T | FULL SALE | 12/19 | J | A | |
| 47. RBC BEARINGS, INC | A | Dividend | J | T | BUY | 4/12 | | | |
| 48. RBC BEARINGS, INC | | | | | FULL SALE | 9/21 | J | A | |
| 49. SOUTHERN COMPANY | A | Dividend | J | T | BUY | 4/12 | | | |
| 50. SOUTHERN COMPANY | A | Dividend | J | T | FULL SALE | 7/19 | J | A | |
| 51. SPECTRA ENERGY SEE § VIII | A | Dividend | | | FULL SALE | 1/16 | J | A | |

| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and

Signature

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

THEODORE A. McKEE
CIRCUIT JUDGE

(215) 597-9601

20614 UNITED STATES COURTHOUSE

INDEPENDENCE MALL WEST

601 MARKET STREET

PHILADELPHIA, PA 19106-1790

July 25, 2008

RECEIVED 2008 JUL 28 A 10: 03 FINANCIAL DISCLOSURE OFFICE

Judge Ortrie D. Smith, Chair
Judicial Conference Committee on Financial Disclosure
One Columbus Circle, NE
Washington, D.C. 20544

Dear Judge Smith:

Thank you for your letter of July 21 in response to my 2007 Financial Disclosure Report. I have just finished a sitting and will turn my attention to the items you bring to my attention in that letter. However, I wanted to write immediately to clarify the matter of the honorarium I received from Hofstra Law School for delivering their Kaplan lecture. Your letter notes that the only compensation permitted pursuant to the Ethics Reform Act of 1989 and Judicial Conference regulations is reimbursement for travel, lodging and meals. The money I received from Hofstra was not intended as reimbursement and I separately listed the reimbursed travel for the event on the appropriate portion of the report.

I am writing to inform you that I will return the Honorarium to Hofstra University and will include a copy of the letter that I will send with the check with the response that I will file to your letter.

